## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| STEVEN CLINTON OTTERSTATTER | CIVIL ACTION NO. 08-0408 |
| VS. | JUDGE DOHERTY |
| RAMONE SONNIER | MAGISTRATE JUDGE METHVIN |
| THE CITY OF EUNICE | |

*REPORT AND RECOMMENDATION ON MOTION TO STRIKE*
*(Rec. Doc. 6)*

Before the court is the Motion to Strike Penalty, Punitive or Exemplary Damages filed by defendants the City of Eunice and Officer Ramone Sonnier on April 2, 2008.   Plaintiff opposes the motion.[1]

### Background

Plaintiff alleges as follows: On March 16, 2007, plaintiff was sitting outside of his home when Officer Sonnier arrived and told him to "Turn around.  Stand against the wall.  You are under arrest."[2]  Officer Sonnier handcuffed plaintiff and refused to advise him of the reason for his arrest but repeatedly berated him by calling him derogatory terms relating to the fact that plaintiff's live-in girlfriend is African American.  Plaintiff asked Officer Sonnier, who refused, to loosen the handcuffs because he was disabled and the position of the handcuffs was hurting his back and wrist.  Once at the jail, plaintiff was shackled to a bench for seven hours and not allowed to go to the restroom, nor was he provided with his medication.  Plaintiff was charged

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 1-2.

2

with domestic battery of his girlfriend, although his girlfriend repeatedly advised that he had done no such thing.  The charges were dismissed on December 8, 2007.

On March 17, 2008, plaintiff filed a Petition for Damages in the 27th Judicial District Court for St. Landry Parish, Louisiana against the City of Eunice and Officer Sonnier in his official capacity, alleging  42 U.S.C. § 1983 claims that the defendants violated his civil rights and for state law tort damages.  The petition states, "Defendant Sonnier acted in a knowing, wanton, and conscious disregard for petitioner's clearly established rights.  Defendant Sonnier's perverse and horrific actions are so shocking to the conscience that petitioner is thus entitled to and desires the award of punitive damages in his favor."[3]

On March 27, 2008, the case was removed to this court by defendants on the basis of subject matter jurisdiction. On April 2, 2008, defendants filed the instant Motion to Strike, requesting that plaintiff's demand for punitive damages against them be removed from plaintiff's complaint.

### *Legal Analysis*

### § 1983 Claims

Defendants contend that plaintiff's demand for punitive damages should be stricken from the pleadings because punitive damages are not recoverable against a municipality nor its officers in § 1983 actions.

Rule 12(f) Fed.R.Civ.P. provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Orders to strike should be used with caution.  "Partly because of the practical difficulty of deciding cases without

---

[3] Rec. Doc. 1-2.

3

a factual record, it is well established that the action of striking a pleading should be sparingly used by the courts ... It is a drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Board of Public Instruction of Escambia County, Florida, 306 F.2d 862, 868 (5th Cir.1962).

The Supreme Court has held unequivocally that a municipality is immune from punitive damages in a §1983 action.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).  Further, the Supreme Court has held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.  It is not a suit against the official personally, for the real party in interest is the entity."  Kentucky v. Graham, 473 U.S. 159, 161, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *see also* Will v. Mich. Dep't of State Police, 109 S.Ct. 2304 (1989); Hafer v. Melo, 112 S.Ct. 358, 361 (1991).   Thus, any allegations seeking recovery of punitive damages against the City of Eunice and Officer Sonnier in his official capacity must be stricken from the pleadings.

Punitive damages are not precluded, however, in §1983 actions against a defendant sued in his individual capacity.  Smith v. Wade, 103 S.Ct. 1625 (1983); *see also* Williams v. Kaufman County, 352 F.3d 994, 1015 (5th Cir. 2003)("punitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights.").

Here, the complaint does not clearly state whether Officer Sonnnier has been sued in his individual capacity. In such a situation, the court looks "to the substance of the claims, the relief sought, and the course of the proceedings to determine in which capacity the defendant is sued." Senu-Oke v. Jackson State University, 521 F.Supp.2d 551 (S.D. Miss. 2007), citing: Forside v.

4

Mississippi State Univ., 2002 WL 31992181, *5 n. 5 (N.D.Miss. 2002) (noting that "[w]hile

some circuits require rigid pleading requirements to specify individual or official capacity in

section 1983 suits, ... the Fifth Circuit looks to the substance of the claim, the relief sought, and

the course of proceedings."); Kentucky v. Graham, 473 U.S. at 167 n. 14, 105 S.Ct. 3099, 87

L.Ed.2d 114 ("In many cases, the complaint will not clearly specify whether officials are sued

personally, in their official capacity, or both. 'The course of proceedings' in such cases typically

indicate the nature of the liability sought to be imposed.") (citations omitted); Hopkins v.

Gusman, 2007 WL 2407247, *4 (E.D.La. 2007) (citing Parker v. Graves, 479 F.2d 335, 336 (5th

Cir. 1973)) (looking to complaint to determine nature of plaintiff's claim in § 1983 case), and

United States ex rel. Adrian v. Regents of Univ. of Ca., 363 F.3d 398, 402-03 (5th  Cir. 2004)

(finding course of proceedings indicated that defendant was sued solely in official capacity

because plaintiff never challenged assertion made by defendant in motion to dismiss that

defendant was sued in official capacity).

Although the complaint does not state that Officer Sonnier is sued in his individual

capacity, the punitive damages sought by plaintiff are only available against individual

defendants.  Further, in his opposition memorandum, plaintiff reiterates that he seeks punitive

damages against Officer Sonnier, and he acknowledges that those are only available against a

defendant sued in his individual capacity.  Plaintiff argues that an award of punitive damages

against Officer Sonnier is available because the requirements of  Smith v. Wade, supra are met:

> While the defendants argue that Officer Ramone Sonnier was acting in the
> discharge of his official duties for the Eunice Police Department, and such is the
> case, however, falsely arresting and verbally harassing an individual along with
> calling him racially discriminative names are clearly outside of the police

5

department's policy for arresting and detaining prisoners, and as such acts are clearly "motivated by evil motive and/or intent."[4]

The undersigned concludes, therefore, that the substance of the claims and the relief sought shows that Officer Sonnier is sued in his individual capacity. Although not explicitly stated, plaintiff clearly seeks to recover punitive damages from Officer Sonnier and plaintiff analyzed that request under the applicable law, which limits the availability of punitive damages to claims against defendants sued in their individual capacities.

Considering the foregoing, and because an award of punitive damages against Officer Sonnier in his individual capacity is available, that claim should not be stricken.

**State Law Claims**

Under Louisiana law, punitive damages are not allowed unless expressly authorized by statute.  International Harvester Credit Corp. v. Seale, 518 So.2d 1039, 1041 (La.1988).  Here, plaintiff has not identified, either in the complaint or in the opposition to the instant motion, a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts.  Accordingly, plaintiff's demand for punitive damages for state law claims should be stricken.

*Conclusion*

Considering the foregoing, it is RECOMMENDED that the defendants' Motion to Strike Penalty, Punitive or Exemplary Damages for all claims against the City of Eunice and Officer Sonnier in his official capacity of be GRANTED .

---

[4] Rec. Doc. 10-2 referencing Smith v. Wade, 461 U.S. 30 (1983).

6

It is further RECOMMENDED that the Motion to Strike Penalty, Punitive or Exemplary Damages for any state law claims against Officer Sonnier in his individual capacity be GRANTED.

It is further RECOMMENDED that the Motion to Strike Penalty, Punitive or Exemplary Damages for the §1983 claims asserted against Officer Sonnier in his individual capacity be DENIED.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).**

Signed at Lafayette, Louisiana, on May 27, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)