RECEIVED

JAN 0 7 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| STEVEN CLINTON OTTERSTATTER | CIVIL ACTION NO. 08-0408 |
| VERSUS | JUDGE DOHERTY |
| RAMONE SONNIER<br>THE CITY OF EUNICE | MAGISTRATE JUDGE METHVIN |

### *RULE 7(a) HEIGHTENED PLEADING REVIEW*

In this §1983 civil rights suit, plaintiff has sued defendant Ramone Sonnier in his official

and individual capacity, and the City of Eunice.[1] In their answer, the defendants plead qualified

immunity. The undersigned has therefore conducted an evaluation of plaintiff's complaint to

determine whether it meets the applicable heightened pleading requirement. *See* Schultea v.

Wood, 47 F.3d 1427, (5ᵗʰ Cir. 1995); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff alleges as follows: On March 16, 2007, plaintiff and his girlfriend had an

argument and the police were called. Plaintiff was outside his home drinking coffee when

several police cars arrived. Officer Sonnier approached plaintiff and told him to put down the coffee.

Officer Sonnier then told plaintiff to turn around, which plaintiff did. Then, Officer Sonnier told

plaintiff he was under arrest. When plaintiff asked Officer Sonnier what he under arrest for,

Officer Sonnier did not advise petitioner, but instead told plaintiff to "shut up, nigger lover" and

called him a "white honkey." Plaintiff further alleges that he advised Officer Sonnier that the

handcuffs were too tight, and that he was disabled, and the handcuffs were hurting his back and

wrist. Officer Sonnier shoved plaintiff into the police car and brought him to jail, where he was

shackled to a bench for seven hours, and denied medication and use of the restroom. Plaintiff

---

[1] See Rec. Doc. 1.

urinated and defecated on himself. Plaintiff suffered exacerbation and aggravation of preexisting physical and psychiatric conditions.

The undersigned concludes that plaintiff has "supported his claims with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Although the court may later determine the facts in favor of the defendant, the sole issue presented here is whether plaintiff has satisfied the heightened pleading requirement of Shultea, which the undersigned concludes she has. Thus, no order limiting discovery under Schultea is appropriate.

Signed at Lafayette, Louisiana on this _____ day of January, 2009.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140-phone    (337) 593-5155-Fax